Per Curiam.
—These proceedings were instituted before )Hon. Joseph P. Fallon, justice of the ninth district court. (The tenants answered, denying that plaintiff was the landlord, and demanded a jury.
’ Trial was accordingly^ had before said justice and a jury, land at the close of the testimony, the justice, at the request of counsel for landlord, directed a verdict for the landlord.
■ Counsel for the tenants duly excepted, and upon entry of jthe final- order paid the rent, $750, under protest, and "then appealed.
On the argument at general term, counsel for the tenants .cited Blumburg v. Briggs (10 N. Y. State Rep., 242), which held: “ The policy of the law evidently is to give a party ithe opportunity, if he is not satisfied with the justice, to ■call for a disinterested body of men, his acquaintances and neighbors, impartially selected, to act as the judges in the place of the justice whom possibly his opponent has ■selected.”
“If the justice can direct the jury what to do in given ■case, then the right given by law to a party to call a jury is a mere farce, and a justice, if so disposed, can deprive him of all benefit which the right to an impartial tribunal is supposed to confer.”
Counsel for landlord relied on the case of People v. Kelsey (14 Abb., 376), which held that the justice had power to charge the jury.
The general term followed the case of Blumburg v. Briggs (supra), and reversed the final order, with costs, and ordered restitution of the $750, rent paid.